**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL HARRIOT,<br><br>Petitioner,<br><br>v.<br><br>R. THOMPSON,<br><br>Respondent. | Civil Action<br>No. 25-1914 (CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a former federal prisoner.  He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1).  For the reasons stated in this Opinion, the Court will dismiss the Petition with prejudice for lack of jurisdiction.

## I.      BACKGROUND

This case arises from Petitioner's challenges to his federal convictions and sentence.  It appears that Petitioner recently completed a 360-month term of imprisonment for drug distribution related charges and is currently serving an 8-year term of supervised release. *See United States v. Harriot*, No. 99-341, 2021 WL 4592403, at *3 (D.S.C. Oct. 6, 2021 (granting motion to reduce sentence)); (ECF No. 17 (discussing term of supervised release)).  Petitioner challenges his convictions and sentence on the grounds that: (1) his indictment was fabricated in violation of the Fifth Amendment; (2) his arrest lacked probable cause in violation of the Fourth Amendment; and (3) that "defense lawyers, prosecutors, FBI agents, and . . . judges" conspired to fabricate the charges, which deprived him of proper notice under the Sixth Amendment. (ECF No. 1, at 6; ECF No. 1-3).

The Petitioner filed the Petition in March of 2025.  The Court ordered a limited answer on the issue of jurisdiction. (ECF No. 11).  Respondent filed a Limited Answer opposing relief, (ECF No. 16), and Petitioner filed a Reply, (ECF No. 17).

## II.    STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III.    DISCUSSION

The Court must address the issue of jurisdiction as it appears that the Court lacks jurisdiction under § 2241 to hear the Petition. [1]  Petitioner contends that his federal convictions

---

[1] Respondent's request to dismiss the Petition as moot, (ECF No. 14; ECF No. 17, at 1–2), based on Petitioner's release from custody, is denied.  Release does not moot a challenge to one's conviction, because the conviction itself carries collateral consequences. *United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (explaining that when a person challenges their "underlying conviction . . . [courts] have long presumed the existence of collateral consequences" (emphasis removed)); *United States v. Lyons*, 173 F.4th 491, 495 (3d Cir. 2026); *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020).  Further, Petitioner's unexpired term of

and sentence are invalid on the grounds that: (1) the superseding indictment was fabricated and not returned by a grand jury, in violation of the Grand Jury Clause of the Fifth Amendment; (2) his arrest lacked probable cause, in violation of the Fourth Amendment's prohibition against unreasonable searches and seizures; and (3) officials conspired to conceal those defects by fabricating the charges against him, which deprived him of his right to be informed of the nature and cause of the accusations, in violation of the Notice Clause of the Sixth Amendment. (*See* ECF No. 1, at 6; ECF No. 1-3).

Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is because 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, the "saving clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to

---

supervised release is itself, a collateral consequence. *See, e.g.*, *United States v. Flores-Juarez*, 723 F. App'x 84, 86–87 (3d Cir. 2018).

Respondent's arguments instead concern the identity of the proper respondent following Petitioner's release from custody, not mootness. In this context, the identity of the proper respondent is a procedural issue that, if necessary, may be resolved through substitution. However, because the Court lacks jurisdiction under § 2241, it need not resolve that issue.

meet the stringent gatekeeping requirements of . . . § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). Rather, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

In *Jones*, the Supreme Court "sharply curtail[ed] the use of the saving[] clause for collateral attacks under § 2241," and limited its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Parke v. Bergami*, No. 21-20385, 2023 WL 6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474); *see also Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir. Dec. 15, 2023); *Ferguson v. Warden Fairton FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023). As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id*. at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide"). Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (internal quotation marks omitted). Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

4

Here, § 2255 is not inadequate or ineffective to raise Petitioner's claims. Plainly, § 2255 is not inadequate or ineffective to challenge the validity of an indictment under the Grand Jury Clause of the Fifth Amendment. *See, e.g.*, *United States v. Cox*, 692 F. App'x 85, 87 (3d Cir. 2017) ("[T]o the extent that Cox continues to object to the validity of the indictment . . . such challenges . . . must instead be raised in [a] motion pursuant to 28 U.S.C. § 2255."); *Dobson v. Att'y Gen. United States of Am.*, 677 F. App'x 48, 49 (3d Cir. 2017). Similarly, Fourth Amendment claims challenging the validity of a conviction may be raised in a § 2255 motion, although relief is generally unavailable where the petitioner had a full and fair opportunity to litigate those claims at trial or on direct appeal. *See, e.g.*, *Christie v. United States*, No. 12-988, 2015 WL 2400048, at *13 (D.N.J. May 20, 2015) (collecting cases). Finally, § 2255 is not inadequate or ineffective to raise Sixth Amendment Notice Clause claims. *See, e.g.*, *Gumbs v. Penn*, 691 F. App'x 57, 59 (3d Cir. 2017) (addressing Sixth Amendment Notice Clause claims under § 2255); *United States v. Whitaker*, No. 14-393, 2020 WL 7480396, at *3 (E.D. Pa. Dec. 18, 2020).

Nor has Petitioner otherwise met the "impossible or impracticable" standard to trigger the saving clause, *Jones*, 599 U.S. at 474, as his sentencing court, the United States District Court for the District of South Carolina, has not "burned to the ground or been carried away by a mudslide." *Id.* at 504 (J. Jackson, dissenting). Accordingly, this Court lacks jurisdiction under § 2241 to consider the Petition.

When a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner has already pursued a § 2255 motion, and it was denied on the merits. *Harriot v. United States*, No. 99-341, 2018 WL

1156429, at *2-3 (D.S.C. Mar. 5, 2018).  As the Petition attacks the same judgment, it would constitute a second or successive § 2255 motion.[2]

Consequently, Petitioner must first obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing such a motion in his sentencing court. *See* 28 U.S.C. § 2255(h)(1)–(2) (requiring a petitioner to demonstrate: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").  As Petitioner's claims do not appear to satisfy the gatekeeping requirements of § 2255(h), the Court finds that it is not in the interest of justice to transfer this matter to the Fourth Circuit.  Of course, this decision does not preclude Petitioner from independently seeking authorization from the Fourth Circuit to file a second or successive § 2255 motion.

## IV.    CONCLUSION

For the reasons above, the Court will dismiss the Petition with prejudice for lack of jurisdiction.  An appropriate Order follows.

Dated:  July 20, 2026

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[2] A subsequent § 2255 motion is "second or successive" if: (1) the petitioner previously filed a § 2255 motion that was denied on the merits; and (2) both motions challenge the same criminal judgment. *See, e.g.*, *United States v. Hawkins*, 614 F. App'x 580, 581 (3d Cir. 2015); *Zareck v. United States*, No. 09-168, 2024 WL 3849753, at *2 (W.D. Pa. Aug. 16, 2024).